■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 2, 1983, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not abuse its discretion in denying a motion for severance. Such a motion need not be granted when the grounds for a severance are merely colorable or speculative (see, People v Bornholdt, 33 NY2d 75, cert denied sub nom. Victory v New York, 416 US 905). Moreover, the appellant has failed to show that his codefendant's pro se defense unfairly prejudiced him at his trial.

On this record, it was not error for the prosecution to have elicited testimony from its witnesses that the appellant and his codefendant were Colombian. Another codefendant who testified on behalf of the People told an undercover detective that his source for the sale of cocaine was two Colombian brothers, and this information was disseminated to an undercover backup team, who constantly referred to the suspects as two Colombian brothers. Accordingly, since the characterization was limited in this way, the characterization was not admitted for an improper purpose (see, People v Pacuicca, 134 NYS2d 381, affd 286 App Div 996). In any event, any possible error was harmless in light of the overwhelming evidence of the defendant's guilt.

We have examined the defendant's remaining contentions, including the claims that his sentence was excessive and that he was prevented from negotiating a plea, and find them to be without merit. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.